FILED

Civil District Court for the Parish of Orleans

State of Louisiana

CIVIL DISTRICT COURT

No. 13-7876 Div. N -8    Docket No. _____

Monotor Marcel Pete

plaintiff

v.

Fro-Yo Corporation, John Doe #1, John Doe #2, John Doe #3, Katherine Sutton, Richard G. McCall and Kurt Weigle. All are sued in their individual and official capacities along with their XYZ insurance company(s) and/or carrier(s) in addition to any and all secondary or umbrella insurance carrier(s)

Defendants

### Petition for Damages

The petition of Monotor Marcel Pete domiciled in the parish of Orleans respectfully represents that:

1.

This is a Tort and Civil Rights action, brought under Louisiana tort law of negligence, the R.I.C.O. Act 18 U.S.C. §1961 thru 1968 and the Ku Klux Klan Act 42 U.S.C. §1985(3).

2.

This Court has original jurisdiction over plaintiff's state tort law claims of assault, negligence, deliberate and or wanton negligence.

3.

The Court has supplemental jurisdiction over plaintiff's federal civil rights claims.

4.

This Court is the appropriate venue under Louisiana law because it is where the events in question occurred.

5.

IN FORMA-PAUPERIS



EXHIBIT A

The plaintiff, Monotor Marcel Pete (hereafter Pete) was a vendor during the events described in this petition.

6.

Defendant John Doe #1 (hereafter Doe #1) was an employee at Fro-Yo. And whose name is presently unknown to plaintiff. He is sued in his individual and official capacity.

7.

Defendant John Doe #2 (hereafter Doe #2) was employed by the Downtown Development District (hereafter DDD) whose name is presently unknown to plaintiff. He is sued in his official and individual capacity.

8.

Defendant John Doe #3 (hereafter Doe #3) was employed by Fro-Yo as a security and whose name is currently unknown to plaintiff. He is sued in his individual and official capacity.

9.

Defendant Richard G. McCall (hereafter McCall) was employed by DDD as director of security. He is sued in his official and individual capacity.

10.

Defendant Kurt Weigle (hereafter Weigle) is the CEO of DDDand is responsible for the over all operations of the d.d.d.. He is sued in his official and individual capacity.

11.

Defendant Katherine Sutton (hereafter Sutton) was employed by Fro-Yo and is the owner/operator. She is sued in her official and individual capacity.

12

Defendants Doe#2 , McCall and Weigle acted with deliberate negligence, in part and under color of authority at all times relevant to this petition.

13.

During the Mardi Gras season of 2013, the plaintiff was stopped , detained and questioned by Doe #1.

14.

On the same day, plaintiff was approached by Doe #2 again questioned and detained.

15.

Pete repeated to both Doe #1 and Doe #2 that he would not be answering any of their questions, to with Doe#1 & 2 became irate.

16.

Defendant Doe #1 came outside of his place of employment to order and or harass Pete to produce all of his paperwork or else.

17.

Defendant Doe #2, a short time later, approached Pete and ordered him to produce all his paperwork. Pete asked Doe #2 by what authority he had to question Pete, to whom Doe #2 stated his uniform gave him the authority to question, detain and interrogate.

18.

Defendant Doe #3 on February 13, 2013 came out of his place of employment crossing the side walk and on to the city's street where vehicles park and stated bracing upon Pete within inches of Pete's face hostilely and aggressively ordering Pete to move his cart or else, using treating body motion and jesters as if he were going to attack Pete. Pete refused and Doe #3 eventually left.

19.

Defendant Sutton a short time later on the same day and within ten (10) to fifteen (15) minutes, came outside of the Fro-Yo shop and into the street and began to question Pete as to his being in front of her shop and ordered Pete to move. Pete refused and a conversation ensued .

20.

Doe #1's approached Pete's cart assaulting and harassing him by screaming, using abusive language, hand jesters, making unlawful demands by ordering Pete to produce all his paperwork or else, walking upon Pete in an aggressive assaulting manner, and telling Pete he was going to tell the police that he was illegal in front of Pete's customers and stating that Pete did not have the legal right to operate.

21.

Doe #2 approached Pete unlawfully ordering him to produce all of his paperwork. Pete declined. Doe #2 walked up to Pete as if to strike him in an isolative manner and asked Pete what he meant by his declining his orders to produce the demanded papers.

22.

Pete stated to Doe #2 that he had no authority to interrogate, order, or investigate him.

23.

Doe #2 started walking up on Pete, clenching his fist as if to strike Pete thereby committing an assault upon Pete. But suddenly stopped and started calling Pete names and making demeaning remarks about underneath Pete's clothes.

24.

Pete, a short time afterward, removed himself from in front of Fro-Y's to push across the street to wait for the police on the neutral ground.

25.

On February 13, 2013, Doe #3 ran out of the Fro-Yo building and upon Pete as if to strike Pete Doe#3 had a Fro-Yo t-shirt that had the word "Security" on it. Doe #3 stating "You better show me your license." Pete refused and a shouting match ensued for about 5-10 minutes (it seemed). Then Doe #3 kept bracing upon Pete as if he were going to strike him. Doe#3 kept harassing for a while and eventually left to go back inside of Fro-Yo.

26.

Shortly after, defendant Sutton came out to Pete's cart and again started questioning Pete as to his legal status as a vendor. During the course of the conversation, Sutton informed Pete that per the city's instructions that business owners in the CBD had the right to challenge street vendors at will.

27.

Defendants Doe #1, #3, and Sutton owed Pete a legal duty of exercising reasonable care and restraint in any suspicion they may have had of Pete's legitimacy. And should not have threatened, harassed, extorted or intimidated Pete in his legally protected rights to conduct his business .Nor to disrupt, inhibit or prevent Pete's in the operation of his business.

28.

Defendants Doe #1, #3, and Sutton's deliberately negligent actions were a direct result of Pete's customers walking away and their hateful actions was based primarily on Pete's race, giving rise to defendant's wantonly hateful and demeaning aggressive conduct toward Pete.

29.

Defendants Doe #1, #3, and Sutton extortion of Pete's legally protected rights were knowingly, willingly, and deliberately executed with the sole intent of injuring Pete economically & socially.

30.

Defendants Doe #2, McCall, and Weigle owe Pete a legal duty of care. At the time of the infringing upon Pete's legally protected rights, defendants acted as though they were a law enforcement agency and Doe #3, in particular, presented himself as a peace officer with the authority to enforce city laws.

31.

Defendant McCall failed to use at least ordinary professional care. Defendant McCall directed Doe #3 and other rangers under his supervision that they had the authority to interrogate any and all vendors within the CBD.

32.

Defendant McCall had a duty to conduct his behavior to that of a reasonable man. Also to exercise at least ordinary due diligence and reasonable care. This was the cause in fact that brought harm and injury upon Pete the willful extortion of his legally protected rights. McCall's failure to properly instruct and train those under his supervision was a cause in fact of Pete's injuries.

33.

Defendant Weigle failed to use at least ordinary professional care in the over sight of the entire operation was a cause in fact that caused injury to Pete. Weigle failed to exercise at least the care of a prudent man in the training, supervision, and implementation of duties to be carried out, but rather turned a blind eye to the going on of the day to day activities of the safety rangers and thus tacitedly approving the deliberately negligible conduct.

34.

Defendant Weigle had a legal duty of reasonable care in the execution and implementation of the over all operation of the d.d.d. ,but failed to conform his conduct accordingly.

35

The actions of defendants Doe#1, 3 and Sutton in using physical threats against Pete without need or provocation, or in failing to exercise reasonable care to prevent the deliberately negligent conduct of obstruction,intimidation,threats and assault were done maliciously and sadistically and constituted an extortion of Pete's legally protected rights under the R.I.C.O. Statue .

36

The actions of defendants Doe #1,3 and Sutton, in the use of intimidating, hindering threatening , obstructing and harassing Pete by profiling and attempting to prevent him from exercising his

legally protected rights constituted a conspiracy in violation of the Ku Klux Klan Act under the law of the United States.

37

The actions of defendants Doe #1 , 3 and Sutton in using physical intimidating , inhibiting and harassing Pete without need authority or provocation constituted the tort of assault and threats under the law of Louisiana.

38

The actions of defendants Doe#2, McCall and Weigle in using physical intimidation , misuse of authority and the use of extortion constituted a violation under the R.I.C.O. Act 18 U.S.C. §1961-1968.

39

The actions of defendants Doe#2 , McCall and Weigle in treating Pete with physical force, subjecting him to an illegal interrogation and harassment constituted the tort assault and harassment under the law of Louisiana.

40

The actions of defendants Doe#2, McCall and Weigle in conspiring to extort, deny and reject or acknowledge the legitimacy of Pete's license and attempting to prevent him from operating constituted a hindrance under the Ku Klux Klan Act's,42 USC §1985(3) "hindrance clause".

41

The failure of defendants Doe#1, 3 and Sutton to take a more proactive approach in calling the police department first, versus their common bullying tactic that's being used by merchants, in downtown New Orleans was an unlawful act.

**WHEREFORE,** Pete requests that the court grant the following relief :

**A.** Issue a declaratory judgment statement that:

  1. The physical threat to the Pete by defendants Doe#1,2 and 3 violated Pete rights under the R.I.C.O. Statute and constituted extortion a "taking" and assault under state law.
  2. Defendants Sutton, Weigle and McCall failure to take action to curb the physical abuse of its employees violated Pete's rights under the Ku Klux Klan Act and constituted a hindering under the "hindrance clause"
  3. Defendants Sutton,Weigle and McCall actions in not conducting a hearing to address Pete's

concerns constituted a willful negligence and are actionable under state law.

B. Issue an injunction ordering defendants Weigle McCall and / or their agents to:

1. Cease and desist order to the D.D.D. and the Fro-Yo corporation directing them to stop interrogating, harassing, threaten, attempting to extort and intimidating Pete in any shape, form or fashion and to conform their behavior in conformity with both state and federal law.

2. Provide a list of their employees position especially Doe#1,2 and 3 from June 2012 to date.

3. Provide Pete with their insurance information so as he can effectuate service upon them.

C. Award compensatory, punitive and nominal damages as allowed by law against each defendant jointly, severely including their XYZ insurance carrier / company including any secondary umbrella insurance carrier / company.

D. Grant such other relief as it may appear that Pete is entitled.

Respectfully, submitted:

Monotor Pete (In Proper Person)
1027 Henriette Delille St
New Orleans,La.70116

(504)427-3257 / 523-6104

August 20,2013

Please Serve:

1 ) Katherine Sutton, John Doe #1 and John Doe#3
   819-C Canal St.
   New Orleans,La.70112

2 ) Kurt Weigle, Richard G.McCall and Doe#2
   201 Canal St. #3912
   New Orleans,La.70170 and

3 ) Monotor Pete
   1027 Henriette Delille St.
   New Orleans,La.70116

A TRUE COPY

DEPUTY CLERK CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA.

LOUISIANA CIVIL CASE REPORTING
Civil Case Cover Sheet - LA. R.S. 13: 8 and
Pt. G, §13, Louisiana Supreme Court General Administrative Rules

This civil case cover sheet shall be completed by counsel for the petitioner, counsel's authorized representative, or by the self-represented litigant (if not represented by counsel) and submitted with the original petition filed with the court. The information should be the best available at the time of filing. This information does not constitute a discovery request, response or supplementation, and is not admissible at trial.

Suit Caption: *Monotor Marcel Pete*

vs.

*Fro-yo Corporation et.,al.*

Court: *CDC*   Docket Number: *13-7876 N-8*

Parish of Filing: *Orleans*   Filing Date: *8/20/13*

Name of Lead Petitioner's Attorney: *Monotor Marcel Pete*

Name of Self-Represented Litigant: _____

Number of named petitioners: *1*   Number of named defendants: *4*

Type of Lawsuit: Please check the categories which most appropriately apply to this suit (no more than 3 categories should be checked):

__ Auto: Personal Injury                    __ Auto: Property Damage
__ Auto: Wrongful Death                     __ Auto: Uninsured Motorist
__ Asbestos: Property Damage                __ Asbestos: Personal Injury/Death
__ Product Liability                        __ Premise Liability
__ Intentional Bodily Injury                __ Intentional Property Damage
__ Intentional Wrongful Death               __ Unfair Business Practice
__ Business Tort                            __ Fraud
x  Defamation                               x  Professional Negligence
__ Environmental Tort                       __ Medical Malpractice
__ Intellectual Property                    __ Toxic Tort
x  Legal Malpractice                        x  Other Tort (describe below)
x  Other Professional Malpractice           __ Redhibition
__ Maritime                                 __ Class action (nature of case)
__ Wrongful Death
x  General Negligence

Please briefly describe the nature of the litigation in one sentence of additional detail:
*Assault, Intimidation, physical Threats, Discrimination & Extortion*

Following the completion of this form by counsel, counsel's representative, or by the self-represented litigant, this document will be submitted to the Office of the Judicial Administrator, Supreme Court of Louisiana, by the Clerk of Court.

Name, address and contact information of person completing form:

Name *Monotor Marcel Pete*   Signature *Monotor Pete*

Address *1027 Henriette Delille St.*

Phone number: *427-3257 (504)*   E-mail address: *monotorpete@yahoo.com*

*In Forma Pauperis Affidavit*

FILED

Monotor Marcel Pete                    NUMBER: _____ 2013 AUG 20  P 3:15

                                        CIVIL DISTRICT COURT   CIVIL DISTRICT COURT

VERSUS

Fro-yo Corporation, et. al.            ORLEANS PARISH, LOUISIANA

All questions must be answered in full
Clients of Federally Chartered Legal Services
Corporations only answer questions 1-8 and 11-13.

1. Full Name  Monotor Marcel Pete

   SS# _____  Date of Birth June 29, 1961  Sex Male
                                                         (Optional)

2. Address 1027 Henriette Delille St
           (Box # or Street Address)

   New Orleans, La. 70116
   (City)         (State & Zip Code)

3. Telephone # 504-427-3257                N/A
              (Home)                      (Work)

4. Are you a Student? NO    If yes, please indicate the name of the school that you are attending. N/A

5. What is your Occupation? Carpenter    Are you employed? NO    If yes, please indicate the name of your employer  N/A
   Employer's Address  N/A                          Phone #  N/A
   How long have you been so employed?  N/A

   If no, please list the name of your last employer Self-employed Self
   If you are unemployed, how long have you been unemployed? 12 mo.

6. Income: Weekly Wages $ _____ Monthly Wages $ _____
   Monthly Deductions: Federal Income Tax _____ FICA _____
   Other Deductions _____ Any other income: _____
   Is your income less than or equal to 125% of the federal poverty level? _____

Page 1 of 4

7. Marital Status:
   Single _____ Married _____ Separated _____ Divorced **yes**
   Widowed _____ Concubine _____
   How many children do you support who are under 18? **NONE**
   How many children live with you? **NONE**
   Do you have any other dependants? State names, ages, and relationship: **No — N/A**

   Is your spouse employed? **N/A**
   If yes, please indicate the name of your spouse's employer **N/A**
   Spouse's Employer's Address **N/A**
   Phone # **N/A**   Wages: Weekly $ **N/A**   Monthly $ **N/A**

8. Do you or your Spouse receive any of the following income or support? **N/A**
   If yes, state the amount: **N/A**
   SSI **N/A**   TANF **N/A**   Child Support **N/A**
   Disability **N/A**   Workers Comp **N/A**   Rent Supplement **N/A**
   Unemployment Benefits **N/A**   Food Stamps: **$200.00**

If you listed any income or support in question 8, proceed to questions 11-13.

9. Do you own or have an interest in any of the following? (Including community property)
   (A) House _____ Value $ _____ Balance owed $ _____
   (B) Auto _____ Value $ _____ Balance owed $ _____
   (C) Truck _____ Value $ _____ Balance owed $ _____
   (D) Watercraft _____ Value $ _____ Balance owed $ _____
   (E) Livestock _____ Value $ _____ Balance owed $ _____
   (F) Machinery _____ Value $ _____ Balance owed $ _____
   (G) Stock _____ Value $ _____
   (H) Bonds _____ Value $ _____
   (I) Certificates of Deposit _____ Value $ _____
   (J) Other Immovable Property _____ Equity $ _____ Debt $ _____
   (K) Bank Account Value $ _____ Name and location of bank _____

10. Please list your monthly expenses:
    Rent $ **400.00**        Lot Rent $ _____       House Note $ _____
    Gas $ _____            Electric $ _____       Water $ _____
    Phone $ **50.00**        Cable $ _____          Garbage $ _____
    Property Taxes $ _____ House Ins. $ _____     Med. Ins. $ _____
    Medical Expenses $ _____ Dental Expenses $ ____   Prescriptions $ _____
    Life Ins. $ _____      Car Note $ _____       Car Ins. $ _____
    Transportation $ **50-90** Food $ **200.00**      Barber/Beauty $ _____
    Entertainment $ _____  Child Support $ **Very** Daycare $ _____
    Cleaning Supplies & Toiletries $ **50-100**   Other $ _____
    Support for children other than those of this marriage $ _____
    Garnishment $ _____

Credit Cards: (List type of card and monthly payment)

$ ~~_____~~
$ ~~_____~~
$ ~~_____~~
$ ~~_____~~

$ ~~_____~~
$ ~~_____~~
$ ~~_____~~
$ ~~_____~~

Loans: (List the financial institution and the amount you pay monthly)

$ ~~_____~~
$ ~~_____~~
$ ~~_____~~
$ ~~_____~~

$ ~~_____~~
$ ~~_____~~
$ ~~_____~~
$ ~~_____~~

TOTAL MONTHLY EXPENSES $ _800.00 Approximate_

11. Does anyone regularly help you pay your expenses? _NO_ If yes, state that person's name and relationship to you. _N/A_

Do you have any additional income or assets that are not shown above? If yes, please explain. _Flip Flops, ~~Red~~ Two bikes, Hot Dog Cart_

12. What arrangements have you made to pay your attorney's fee and what amount, if any, have you paid? (You are required to answer fully.) _No Attorney_

13. Has your attorney explained to you that it is a crime punishable by imprisonment to intentionally give a false answer to any of the above questions? _No Attorney_

State of Louisiana

Parish of

Before the undersigned authority personally came and appeared: _Monotor M. Pete_, who, after being duly sworn deposed and said:

1. (S)he is the person who furnished the information above; that (s)he has signed this petition; that the information is furnished to the court for the purpose of requesting permission to litigate the above captioned lawsuit without paying the costs in advance or as they accrue or furnishing security therefor.

2. That the foregoing petition and that all allegations of fact therein contained are true and correct; and that because of his/her poverty and want of means, (s)he is unable to pay the costs of court in advance or as they accrue, nor is (s)he able to provide bond therefor.

_[signature]_
Applicant's Signature

Although you may be granted the privilege of proceeding without prepayment of costs, should judgment be rendered against you, YOUR STATUS AS A PAUPER DOES NOT RELIEVE YOU OF THE OBLIGATION TO PAY THESE COSTS.

The privilege to proceed IN FORMA PAUPERIS is restricted to litigants who are clearly entitled to do so, with due regard to the nature of the proceeding, the court costs which otherwise would have to be paid, and the ability of the litigant to pay them or to furnish security therefor, so that the indiscriminate filing of lawsuits may be discouraged, without depriving a litigant of the benefit of proceeding in forma pauperis if (s)he is entitled to do so.

SWORN TO AND SUBSCRIBED BEFORE ME, a Notary Public in __Orleans__, Louisiana this __20th__ day of __August__, 20__13__.

Notary Public — Jacqueline L. Childers
Notary No. 90714
My commission is for life

## THIRD PARTY AFFIDAVIT

BEFORE ME, personally came and appeared: _____, who after being sworn, deposed and said that (s)he knows _____ well and that (s)he knows that because of his/her poverty and want of means, (s)he is unable to pay the costs of court in advance or as they accrue, nor is he/she able to provide bond therefor.

_____
Affiant

SWORN TO AND SUBSCRIBED before me this _____ day of _____, 20____

_____
Notary Public

## LEGAL SERVICES DECLARATION

BEFORE ME, personally came and appeared: _____ who is a duly authorized representative of Acadiana Legal Services Corporation, Capital Area Legal Services, Kisatchie Legal Services Corporation, New Orleans Legal Services Corporation, North Louisiana Legal Assistance Corporation, Northwestern Legal Services Corporation, Southeast Louisiana Legal Services Corporation, Southwest Louisiana Legal Services Society, or a pro bono program receiving referrals from one of the aforementioned organizations, states that _____ has produced evidence that (s)he receives public assistance benefits, or that (s)he has qualified to receive free legal services based on his/her income being less than or equal to 125% of the federal poverty level and therefore is entitled to a rebuttable presumption that (s)he is entitled to the privilege of litigating without prior payment of costs.

ENTERED ON MINUTES
AUG 2 2 2013

_____
Legal Services/Pro Bono Representative

## ORDER

Considering the foregoing Petition and Affidavits let __Monohor M. Pete__, prosecute or defend this litigation in accordance with Louisiana Code of Civil Procedure, Article 5181, without paying the costs in advance or as they accrue or furnishing security therefor.

August 20, 2013

_____
Judge

Page 4 of 4

ATTORNEY'S NAME: In Proper Person,   90002
AND ADDRESS:

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

NO:   2013 -- 07876   1   DIVISION: " N "   SECTION: 8

PETE, MONOTOR MARCEL VERSUS FRO-YO CORPORATION   ET AL

## CITATION

TO: MONOTOR PETE
THROUGH:
1027 HENRIETTE DELILLE ST.

NEW ORLEANS   LA   70116

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the petition
FOR DAMAGES

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the service hereof under penalty of default

### ADDITIONAL INFORMATION

Legal assistance is advisable.  If you want a lawyer and can't find one, you may call the New Orleans Lawyer Referral Service at 504-561- 8828.  This Referral Service operates in conjunction with the New Orleans Bar Association.  If you qualify, you may be entitled to free legal assistance through the New Orleans Legal Assistance Corp. You may call them at 800-624-4771 or 504-525-4431.

*********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE*********

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA   August 21, 2013   .

Clerk's Office, Room 402, Civil Courts
421 Loyola Avenue
New Orleans, LA

DALE N. ATKINS, Clerk of
The Civil District Court
for the Parish of Orleans
State of LA
by _____
Deputy Clerk

IN FORMA-PAUPERIS

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this ____ day of ____ | On this ____ day of ____ |
| ____ served a copy of the w/i petition | ____ served a copy of the w/i petition |
| FOR DAMAGES | FOR DAMAGES |
| On MONOTOR PETE | On MONOTOR PETE |
| THROUGH: | THROUGH: |
|  | by leaving same at the dwelling house, or usual place of abode, in the hands of ____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating   HIM / HER the said ____ MONOTOR PETE |
| Returned same day  No. ____ | |
| Deputy Sheriff of ____ | being absent from the domicile at time of said service. |
| Mileage: $ ____ | Returned  same  day  No. ____ |
| / ENTERED /    RETURN  PAPER  SERIAL NO.   DEPUTY   PARISH | Deputy Sheriff of ____ |

CERTIFIED
8/29/13

ATTORNEY'S NAME: In Proper Person,   90002
AND ADDRESS:

### CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
### STATE OF LOUISIANA

NO:   2013 -- 07876   6   DIVISION: " N "   SECTION: 8

PETE, MONOTOR MARCEL VERSUS FRO-YO CORPORATION   ET AL

## CITATION

**TO:** KATHERINE SUTTON
THROUGH:
819-C CANAL ST.

NEW ORLEANS   LA   70112

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the petition
FOR DAMAGES

*RECEIVED 2013 AUG 23 P 12:37 ORLEANS PARISH SHERIFF'S OFFICE*

*IN FORMA PAUPERIS*

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the service hereof under penalty of default

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer Referral Service at 504-561- 8828. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through the New Orleans Legal Assistance Corp. You may call them at 800-624-4771 or 504-525-4431.

*********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE*********

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA   August 21, 2013   .

Clerk's Office, Room 402, Civil Courts
421 Loyola Avenue
New Orleans, LA

DALE N. ATKINS, Clerk of
The Civil District Court
for the Parish of Orleans
State of LA
by _____ Deputy Clerk

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this 26 day of Aug 13 served a copy of the w/i petition FOR DAMAGES | On this ____ day of _____ served a copy of the w/i petition FOR DAMAGES |
| On KATHERINE SUTTON | On KATHERINE SUTTON |
| THROUGH: | THROUGH: by leaving same at the dwelling house, or usual place of abode, in the hands of ____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM / HER the said ____ KATHERINE SUTTON |
| Returned same day ____ No. 323 Deputy Sheriff of ____ Mileage: $ ____ / ENTERED / ____ PAPER ____ RETURN ____ 03 , 9801 / ____ SERIAL NO.  DEPUTY  PARISH | being absent from the domicile at time of said service. Returned same day ____ No. ____ Deputy Sheriff of ____ |

*VERIFIED*
*Juane Robertson*
*8/29/13*

Civil District Court For The Parish Of Orleans

State Of Louisiana

No. **13-7876**   Div. **N-8**   No.____

**Monotor Marcel Pete**
plaintiff

v.

**Fro-Yo ,et.al.**
defendants

## MOTION TO COMPEL

**NOW INTO COURT** comes, Pete, In Proper Person and petitioner who hereby moves this court forthwit;

1.

Pete, hereby seeks to enjoin defendants insurance carrier(s) or company(s) in the above cause of action as referenced to in the original petition filed by plaintiff / petitioner

2.

Pete, referenceed to defendant's insurance carrier as their XYZ carrier(s) or company(s) in the original petition.

3.

Pete, seeks copies of all policies showing coverage of employees, contract employee's management, contract management, including all company(s), individual(s), Limited liability corporations, contract employees, sub-contract employees, casual employees and all those receiving funding from defendants Fro-Yo Corporation and the D.D.D. Corporation both professionally and personally.

4.

In addition Pete seeks any and all supplemental, union, association, private and or umbrella insurance company(s) and or carrier(s).

5.

Pete seeks copies of such contracts and/or policies that were or shows coverage at the time of injury to plaintiff and the type of coverage defendants had.

6.

Pete, contends the information is needed quantify and evaluate the claim before the court, to which the petitioner is entitled to as a matter of law.

7.

Pete, is seeking the identity of John Doe #1 and John Doe #3 from the Fro-Yo Corporation.



8.

Pete, is seeking the identity of John Doe #2 from the D.D.D. Corporation.

9.

Petitioner, states that as a third party defendant, they also are entitled to notification as of right and law, as to this cause of action.

**WHEREFORE,** Pete prays that these court order defendants to produce without delay the following:

A) All policies showing coverage from February 2013 thru September 2013, along with the types of coverage.

B) All contract showing coverage from February 2013 thru September 2013, along with the types of coverage.

C) And, the identity of their employees and/or former employees.

Respectfully submitted

_____

Monotor Marcel Pete
1027 Henriette Delille St.
New Orleans, La. 70116
(504)427-3257/ 523-6104
Date: August 26, 201

**Please Serve:**

1) Fro-Yo Corporation
   819-C Canal St.
   New Orleans, La. 70112
2) Downtown Development District
   201 St.Charles Ave. #3912
   New Orleans, La. 70170
3) Monotor Marcel Pete
   1027 Henriette Delille St.
   New Orleans, La. 70116

## ORDER

ENTERED ON MIN[...]
SEP 0 3 2013

**CONSIDERING THE FOREGOING MOTION;**

IT IS ORDERED THAT both Fro-Yo and the D.D.D. , produce the aforementioned Documents as prayed for by petitioner of all parties mention in his original petition.

8/29/13
Date

Denied
Needs show
cause

RECEIVED
AUG 28 2013

_____
Judge

No Rule to show cause [...]

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

No.: 13-7876          Division: N-8

FILED 2013 AUG 26 P 12:44 CIVIL DISTRICT COURT

_Monotor Marcel Pete_

versus

_Fro-yo, et. al.,_

PARTY TO BE SERVED: Monotor Pete

THROUGH: 

ADDRESS: 1027 Henriette Delille St.

SUITE/ROOM: 

CITY: New Orleans, LA. 70116

SPECIAL SERVICE INSTRUCTIONS: 

DOCUMENT TYPE: Motion to Compel

FILED BY ATTORNEY:                    BAR NO. pro se

DATE OF FILING: 

ATTACHMENTS/EXHIBITS: 

---

**RETURN FOR PERSONAL SERVICE**

On the 4th day of Sept 20 13 served a copy of the within

On

in person at 421 Loyola Ave Rm 301

Return same day
_[signature]_ 436
Deputy Sheriff of Orleans Parish

CM ENTERED CM RETURN
PAPER     436     
SERIAL NO.   DEPUTY   PARISH

**DOMICILIARY SERVICE**

On this ___ day of ___ 20 ___ served a copy of the within ___

on ___

by leaving same at ___ domicile or usual place of adobe ___ in the hand of ___ a person of suitable age and discretion, residing therein as a member of ___ domiciliary establishment, whose name and other facts connected, with this service I learned by interrogating the said ___ the said ___ being absent from ___ domicile at time of said service.

Returned same day

_____ Deputy Sheriff of Orleans Parish

SHERIFF'S RETURN VERIFIED
Jade Scott
Deputy Clerk   9-6-13   Jade Scott

📄 - *Click the drill down icon to view detailed return information*

**Service Detail**
| | | | |
|---|---|---|---|
| Serial # | 7 | Date Released for Service | 8/26/2013 |
| Service Code | C/P | Amount | $20.00 |
| Description | Citation & Petition | Balance Due | $20.00 |
| Attorney | Proper Person, Proper Person | | |

**Paper Information**
| | | | |
|---|---|---|---|
| Name | RICHARD G MCCALL | Street | 201 Canal |
| Assigned Deputy | Greco, Jerry | City | NEW ORLEANS |
| Due Date | | State | LA |
| Returned | No | Zip | 70130 |

**Returns**

| Date | Time | Returned | Status | Deputy | Address Served | Co |
|---|---|---|---|---|---|---|
| 📄 8/27/2013 | | No | Un-Served | Greco, Jerry | 201 Canal NEW ORLEANS, LA 70130 | VA |
| 📄 8/26/2013 | | No | Transfer to Deputy | Lucien, Gregory | 201 St Charles | Trr Gre Exp ADI |

Back to Case Summary

📄 *- Click the drill down icon to view detailed return information*

**Service Detail**
| | |
|---|---|
| Serial # | 1 |
| Service Code | C/P |
| Description | Citation & Petition |
| Attorney | Proper Person, Proper Person |

| | |
|---|---|
| Date Released for Service | 8/23/2013 |
| Amount | $20.00 |
| Balance Due | $20.00 |

**Paper Information**
| | | | |
|---|---|---|---|
| Name | KURT WEIGLE | Street | 201 Canal |
| Assigned Deputy | Greco, Jerry | City | NEW ORLEANS |
| Due Date | | State | LA |
| Returned | No | Zip | 70130 |

**Returns**
| Date | Time | Returned | Status | Deputy | Address Served | Comments |
|---|---|---|---|---|---|---|
| 📄 8/26/2013 | | No | Un-Served | Greco, Jerry | 201 Canal NEW ORLEANS, LA 70130 | VACANT |

Back to Case Summary