UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MONOTOR MARCEL PETE | CIVIL ACTION |
| VERSUS | NO. 13-5790 |
| FRO-YO CORPORATION, ET AL. | SECTION "N"  (2) |

**ORDER AND REASONS**

Presently before the Court is a motion to remand filed by Plaintiff Monotor Marcel Pete. See Rec. Doc. 7. For the reasons stated herein, **IT IS ORDERED** that the motion (Rec. Doc. 7) is **DENIED**.

A defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction over the case. 28 U.S.C. § 1441(a). Significantly, however, "federal courts are courts of limited jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 122 S. Ct. 459 (2001). Furthermore, federal courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Id*. Thus, in the context of actions removed from state court, the removing party bears the burden of demonstrating the federal court's jurisdiction and that removal was proper. *See Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Having carefully considered the parties' submissions and applicable law, the Court finds Plaintiff's motion to remand to lack merit. Specifically, Plaintiff's petition includes claims asserted under federal statutes, *i.e.,* the Racketeer Influenced and Corrupt Organizations Act

("RICO"), 18 U.S.C. §§1961, *et seq*., and 42 U.S.C. §1985(3), both of which "arise under" the Constitution, laws, or treaties of the United States for purposes of this Court's federal question original jurisdiction. See 28 U.S.C. § 1331. Supplemental jurisdiction is provided relative to "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." See 28 U.S.C. §1367. Accordingly, because the Court would have had original and supplemental subject matter jurisdiction over Plaintiff's claims, if they initially had been filed in federal court, rather than state court, the Court finds, on the showing made, that Defendant Katherine Sutton's removal was proper. See 28 U.S.C. §1441(a). Accordingly, Plaintiff's motion is denied.[1]

New Orleans, Louisiana, this 4th day of June 2014.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

---

[1] Although 28 U.S.C. §1367(c) permits federal district court to decline to exercise supplemental jurisdiction over a claim under certain circumstances, none of those circumstances are alleged to be applicable here. See 28 U.S.C. §1367